# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NOLAN MCKENZIE,

        *Plaintiff*,

vs.

JULIE A ROBINSON, et al.,

        *Defendants.*

CIVIL ACTION

Case No. 10-2127-EFM

**MEMORANDUM AND ORDER**

Plaintiff Nolan McKenzie filed the instant action against Defendants Julie A. Robinson and Gerald L. Rushfelt, both Judges with the United States District Court for the District of Kansas, alleging failure to be unbiased third parties as depicted by their rulings, racial and handicap discrimination, and defamation. Plaintiff has also named the United States District Court for the District of Kansas ("District Court") as a party, claiming that the District Court failed to properly instruct both Judge Robinson and Judge Rushfelt on the proper application of equal justice under the law.[1] On April 15, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed for failing to state a claim upon which relief could be granted.

On April 16, 2010, pursuant to Rule 41 of the Federal Rules of Civil Procedure, Plaintiff voluntarily dismissed both Judge Robinson and Judge Rushfelt from this action. As a result, the

---

[1] Plaintiff actually names the United States District Court of Kansas City, Kansas and of Topeka, Kansas as two separate defendants. As Kansas comprises only one federal judicial district, we address both as one defendant.

only remaining defendant is the District Court. Thereafter, on April 22, 2010, Plaintiff filed his response to the Court's Order to Show Cause.[2] We now address whether Plaintiff's claims should be dismissed against the District Court for failure to state a claim upon which relief can be granted.

## I. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[3] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] In determinating whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[6] All well pleaded facts in the complaint are assumed to be true and are viewed

---

[2]Plaintiff responded by submitting various briefing he filed in another action previously before this Court, *McKenzie v. Sears Roebuck & Co.*, No. 08-2510-JAR (D. Kan. 2008), along with a letter from himself to Judge Rushfelt regarding that prior case. Plaintiff's response, however, neither provided the Court with any argument or other insight as to how the documents provided permits the Court to grant him relief for his claims, nor did he provide the Court with any additional argument as to why the Court should not dismiss his claims for failure to state a claim.

[3]*Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[4]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[6]*Iqbal*, 129 S.Ct. at 1950.

in the light most favorable to the plaintiff.[7] Allegations that merely state legal conclusions, however, need not be accepted as true.[8]

Although Plaintiff has dismissed both Judge Robinson and Judge Rushfelt from this action, the Court will briefly discuss the specific claims against them, as these claims directly relate to the claims alleged against the District Court. In his Petition, Plaintiff alleges that Judges Robinson and Rushfelt failed to remain professional, unbiased third parties, and as a result, caused him damage. Although somewhat disjointed, it appears that Plaintiff bases this allegation on decisions made against Plaintiff by each judge while presiding over cases he had filed in the District Court. Plaintiff also alleges that Judge Rushfelt committed libel and slander when he made the statement that " 'he will not allow excuses for this Plaintiff's handicapped condition' or sickness for not attending a deposition."[9] Plaintiff also claims that Judge Robinson committed libel and slander through a number of "mean spirited orders unjustly ruling to ignore Plaintiff's pleadings."[10] Plaintiff continues by alleging that Judge Robinson's orders and letters are "prejudicial, racial, discriminatory, unjust, fabricated stories, misconstrued responses to Plaintiff's oral contract allegations, [and] delayed/vexation."[11] Plaintiff claims the District Court is directly liable to him for $100,000,000 for "failing to properly instruct the said Judge Robinson and Judge Rushfelt of an equal justice under the law." Plaintiff also claims additional damages of $50,000,000 for prejudicial discrimination

---

[7]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[8]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]Doc. 1, ¶ 10 (Plaintiff's Petition).

[10]*Id.* at ¶ 11.

[11]*Id.*

because "the Defendants have no African-Americans who work for Defendants at the United States District Court of Kansas."[12]

The acts alleged as to Judges Robinson and Rushfelt, which form the basis for Plaintiff's claims against the District Court, pertain to actions taken by the judges in the course of their official duties, and therefore, Plaintiff could not prevail on those claims because of the doctrine of judicial immunity.[13] To overcome this immunity, Plaintiff must demonstrate that the acts undertaken by Judge Robinson or Judge Rushfelt were done either outside of their judicial capacity or were taken in the complete absence of any jurisdiction.[14] Importantly, "judicial immunity is not overcome by allegations of bad faith or malice."[15]

Here, Plaintiff's allegations fail to demonstrate that either judge acted outside their judicial capacity, and no allegation indicates that the judges lacked jurisdiction to issue orders or address any other matter pertaining to his prior actions. Rather, Plaintiff's Petition clearly indicates that the judges were acting within the scope of their official capacity as federal judges of the District Court of Kansas. As a result, Plaintiff could not have prevailed on the claims alleged against either Judge Robinson or Judge Rushfelt, as such claims are barred by absolute judicial immunity. As noted, Plaintiff has voluntarily dismissed his claims against both Judge Robinson and Judge Rushfelt.

Turning to the specific claims against the District Court, we conclude that Plaintiff has failed to state a claim entitling him to relief. Plaintiff's allegations against the District Court is that it

---

[12]*Id.* at ¶ 14.

[13]*Hinton v. Dennis*, 2010 WL 257286, at *2 (10th Cir. Jan. 25, 2010) (citing *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (concluding that "[a] judge is absolutely immune from suit for acts taken within his or her judicial capacity")).

[14]*Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[15]*Id.*

failed "to properly instruct the said Judge Robinson and Judge Rushfelt of an equal justice under the law," and for "prejudicial discrimination" because it employs no African-Americans. First, Plaintiff has failed to allege any duty owed by the District Court to instruct federal judges on any rule of law, let alone on the specific topic of "equal justice." The judges within the District Court are appointed by the President of the United States under Article III of the United States Constitution, and accordingly, no such appointed judge is under the authority of any "district court." The District Court has no authority nor a duty to direct, train, or counsel a federal district judge as to any particular rule of law.[16] In fact, the district judges in regular active service assigned to that district *are* the District Court, and the judicial power of the District Court rests solely with the judges, and no other.[17] Accordingly, Plaintiff is not entitled to relief for this claim.

Plaintiff has also failed to state a claim upon which relief can be granted with respect to his "prejudicial discrimination" claim. Plaintiff lacks standing to assert such a claim against the District Court, as he lacks the required personal stake in the outcome of the controversy.[18] Plaintiff has failed to allege any general factual allegations of injury resulting from the District Court's alleged failure to employ African-Americans.[19] Thus, Plaintiff's claim of "prejudicial discrimination" is dismissed.

It is apparent from our review of Plaintiff's allegations that he merely disagrees with the rulings made by both Judge Robinson and Judge Rushfelt. Disagreeing with a judge's actions does

---

[16]*See* U.S. Const. art. III.

[17]*See* 28 U.S.C. § 132(b).

[18]*See Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 Fed. Appx. 707, at *4 (10th Cir. 2009) (citing *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008)).

[19]*See id.* Although irrelevant to this analysis, it should be noted that this allegation is patently false.

not deprive the judge, or as extension, the District Court, of judicial immunity. Therefore, because the claims Plaintiff asserts fall squarely within the type of claims with which the doctrine of judicial immunity applies, they are dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS THEREFORE ORDERED** that this action be dismissed against Defendants for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 10th day of May, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE